UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

VIEW 360 SOLUTIONS LLC,

                              Plaintiff,

v.                                           1:12-CV-1352
                                                (GTS/TWD)
GOOGLE, INC.,

                              Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| INNOVALAW, P.C.<br>Counsel for Plaintiff<br>1900 Ravinia Place<br>Orlando Park, IL 60462 | TIMOTHY E. GROCHOCINSKI, ESQ.<br>AARON W. PURSER, ESQ. |
| SIMON LAW FIRM<br>Counsel for Plaintiff<br>800 Market Street, Suite 1700<br>St. Louis, MO 63101 | BENJAMIN R. ASKEW, ESQ.<br>MICHAEL P. KELLA, ESQ.<br>ANTHONY G. SIMON, ESQ. |
| OFFICE OF DANIEL M. SLEASMAN<br>Counsel for Plaintiff<br>One Crumitie Road<br>Albany, NY 12211 | DANIEL M. SLEASMAN, ESQ. |
| AKIN, GUMP LAW FIRM<br>Counsel for Defendant<br>1333 New Hampshire Ave., N.W.<br>Washington, D.C. 20036 | CONO A. CARRANO, ESQ.<br>DAVID C. VONDLE, ESQ. |
| HISCOCK & BARCLAY, LLP<br>Counsel for Defendant<br>One Park Place<br>300 South State Street<br>Syracuse, NY 13202 | DOUGLAS J. NASH, ESQ. |

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

**<u>DECISION and ORDER</u>**

Plaintiff View 360 Solutions, LLC, a New York limited liability company with its principal place of business in Texas, brings this action for patent infringement under Title 35 of the United States Code.  Currently before the Court is Defendant's motion to transfer venue. (Dkt. No. 25-1.)  Plaintiff opposed the motion.  (Dkt. No. 30.)  Defendant filed a reply brief in support of its motion.  (Dkt. No. 34.)  Defendant also filed a motion to stay proceedings while this motion to transfer venue is pending.  (Dkt. No. 26.)  Plaintiff opposed the motion to stay. (Dkt. No. 28.)  For the reasons set forth below, I deny the motion to transfer, as well as the motion to stay.

**I.  FACTUAL AND PROCEDURAL SUMMARY**

View 360 Solutions, LLC ("Plaintiff") filed a complaint against Google, Inc. ("Defendant") for infringement of eight U.S. patents on August 31, 2012.  (Dkt. No. 1 at 1.)  In its complaint, Plaintiff asserts that Google Street View directly infringed upon its rights to the patents-in-suit; as such, the complaint lists eight counts of direct and indirect patent infringement.  (*See* Dkt. No. 1.)  Plaintiff further accuses Defendant of inducing end users of Google Street View to infringe the patents-in-suit.  *Id.*

Mr. Ford Oxaal is the sole inventor listed on the eight patents-in-suit, and he conceived of and reduced to practice the claimed inventions in the patents in the Northern District of New York.  (Dkt. No. 30-1 at ¶¶ 2-6.)  Plaintiff claims that Mr. Oxaal granted it an exclusive license to the patents-in-suit.  (Dkt. No. 30 at 1.[1])

---

[1]     Page numbers in citations to Plaintiff's memorandum of law in opposition to Defendant's motion to transfer venue refer to the page numbers in the original document.

Defendant filed the motion to transfer venue to the Northern District of California and motion to stay on March 7, 2013. (Dkt. No. 25 at 1; Dkt. No. 26 at 1.)

**II.     ANALYSIS**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (West Supp. 2012). The purpose of section 1404(a) "is to prevent waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Blechman v. Ideal Health, Inc.*, 668 F. Supp. 2d 399, 403 (E.D.N.Y. 2009) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)). "[M]otions for transfer lie within the broad discretion of the district court and are determined upon notions of convenience and fairness on a case-by-case basis." *In re Cuyahoga Equip. Corp.,* 980 F.2d 110, 117 (2d Cir. 1992) (citing *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988)).

"Motions to transfer venue are governed by a two-part test: (1) whether the action to be transferred 'might have been brought' in the transferee venue; and (2) whether the balance of convenience and justice favors transfer." *Rescuecom Corp. v. Chumley*, 522 F. Supp. 2d 429, 448-49 (N.D.N.Y. 2007). The moving party has the burden of demonstrating the desirability of transfer, and a court should not disturb a plaintiff's choice of forum "unless Defendants make a clear and convincing showing that the balance of convenience favors [their] choice." *Hubbell Inc. v. Pass & Seymour, Inc.,* 883 F. Supp. 955, 962 (S.D.N.Y. 1995).

**A.     "Might Have Been Brought"**

To establish that an action "might have been brought" in the transferee venue, the moving party must establish that (a) venue is proper in the transferee venue; and (b) the transferee venue had personal jurisdiction over the defendant on the date the action was

3

commenced.  *Anglo Am. Ins. Grp., P.L.C. v. CalFed Inc.,* 916 F. Supp. 1324, 1330 (S.D.N.Y. 1996).

> The relevant federal venue statute provides, in pertinent part:
>
> > A civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b) (West Supp. 2012).  A defendant corporation is deemed to reside "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . . ."  28 U.S.C. § 1391(c) (West Supp. 2012).

Pursuant to 28 U.S.C. § 1391(c), Defendant contends that Plaintiff could have filed suit in the Northern District of California.  (Dkt. No. 25-1 at 5.)  Plaintiff concedes this point in its opposition papers.  (Dkt. No. 30 at 3 n.2.)

Defendant, a corporate entity, "resides" in the Northern District of California, because it is headquartered in and is subject to personal jurisdiction in the judicial district.  *Id.*  Moreover, "any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."  28 U.S.C. § 1400(b) (West Supp. 2012).  In the instant case, Plaintiff brought a suit alleging direct and indirect infringement of eight separate patents.  (*See* Dkt. No. 1.)

For the foregoing reasons, Defendant has met its burden of showing that the suit "might have been brought" in the Northern District of California at the outset of litigation.

**B.     The Balance of Convenience and Justice**

Because this case "might have been brought" in the proposed transferee district, the decision of whether to transfer depends on the balance of convenience and justice. As noted above, the Court has considerable discretion and determines this balance on a case-by-case basis. *In re Cuyahoga Equip. Corp.*, 980 F.2d at 117. A non-exclusive list of factors to consider includes:

> (1) the convenience of witnesses; (2) the convenience of the parties; (3) the location of relevant documents and the relative ease of access to those sources of proof; (4) the situs of the operative events in issue; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the comparative familiarity of each district with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) judicial efficiency and the interests of justice.

*Rescuecom*, 522 F. Supp. 2d at 449. "No individual factor is determinative and a court has discretion to weigh each factor to reach a fair result." *Id*. (citations omitted).

The burden of establishing that transfer is appropriate is on the moving party. *Anglo Am. Ins. Grp.*, 916 F. Supp. at 1327. The moving party "must support the application with an affidavit containing detailed factual statements relevant to the factors [to be considered by the court in its transfer decision], including the potential principal witnesses expected to be called and a general statement of the substance of their testimony." *Hernandez v. Graebel Van Lines*, 761 F. Supp. 983, 987 (E.D.N.Y. 1991).

        1.     Convenience of Non-Party Witnesses

"The convenience of party and nonparty witnesses is usually the most important consideration in deciding a motion to transfer venue." *AEC One Stop Grp., Inc. v. CD Listening Bar, Inc.*, 326 F. Supp. 2d 525, 529 (S.D.N.Y. 2004). In assessing the convenience of witnesses,

courts routinely examine the residence of witnesses. *Argent Funds Grp., LLC v. Schutt,* No. 3:05CV01456 (SRU), 2006 U.S. Dist. LEXIS 60469, at *14, 2006 WL 2349464, at *5 (D. Conn. June 27, 2006) (citing *Golconda Min. Corp. v. Herlands*, 365 F.2d 856, 857 (2d Cir. 1966)). Moreover, the Court should "qualitatively evaluate the materiality of the testimony that witnesses may provide." *Defenshield, Inc. v. First Choice Armor & Equipment, Inc.*, No. 5:10-CV-1140 (GTS/DEP), 2012 U.S. Dist. LEXIS 44276, at *36, 2012 WL 1069088, at *11 (N.D.N.Y. Mar. 29, 2012) (quoting *Advanced Fiber Tech. Trust v. J & L Fiber Servs., Inc.*, No. 07-CV-1191 (LEK/DRH), 2008 U.S. Dist. LEXIS 91795, at *7, 2008 WL 4890377, at*3 (N.D.N.Y. Nov. 12, 2008)).

In support of its motion to transfer venue, Defendant offers a declaration from Allen Hutchinson.  (Dkt. No. 25-3.)  In his declaration, Mr. Hutchinson, an Engineering Manager for the Street View team for the Defendant, identifies four potential witnesses "who have relevant knowledge about the development, structure, function, and operation of Google Street View." *Id.* at 2.  Each of these witnesses is located in the Northern District of California.  *Id.*  In Plaintiff's opposition to Defendant's motion, Plaintiff specifically notes that the only non-party witness identified to be called at trial is Ford Oxaal, the sole named inventor of all eight patents-in-suit.  (Dkt. No. 30 at 5.)

Defendant replied to Plaintiff's argument and contends that "all but one of the identified witnesses are located in the Northern District of California or outside this district."  (Dkt. No. 34 at 4.[2])  Furthermore, Defendant contends that "Plaintiff only identifies limited and narrow issues" to which Oxaal would testify at trial.  *Id.*

---

[2]   Page numbers in citations to Defendant's reply brief in support of its motion to transfer venue refer to the page numbers in the original document.

The facts of the instant case are comparable to those in *Defenshield*. 2012 WL 1069088. There, the defendant named "only two" potential non-party witnesses outside the District. *Id.* at *11. The plaintiff named "nine potential witnesses, including the inventor of [the patent-in-suit], all of which [were] located in [this District]." *Id.* As a result, this Court found that these facts served to neutralize one another. *Id.* In the instant case, Defendant has named four witnesses who are located outside this District and has listed the possibility of others. (Dkt. No. 25-1 at 8.[3]) The Plaintiff has named one material witness, the sole inventor of the patents-in-suit, who is located within the district. (Dkt. No. 30 at 5.)

For the foregoing reasons, I find that this factor is neutral to venue transfer analysis.

### 2. Convenience of the Parties

The convenience of the parties is another consideration in determining whether transfer is appropriate. Here, Defendant is headquartered in the Northern District of California. (Dkt. No. 25-1 at 10.) Defendant asserts that "the persons with knowledge of the technical research, design, and development of Google Street View work at Google's Northern California headquarters." *Id*. Moreover, Allen Hutchinson stated in his declaration in support of the defendant's motion to transfer venue that "the Google teams responsible . . . for Google Street View are primarily led by personnel that have been, and are, located in Google's facilities in Mountain View, California." (Dkt. No. 25-3 at ¶ 4.)

Plaintiff is a subsidiary of Acacia Research Corporation, whose principal place of business is in Texas. (Dkt. No. 30 at 1 n.1; Dkt. No. 25-2 at 119) Plaintiff is incorporated in New York as of October 9, 2012. (Dkt. No. 25-2 at 6.) Plaintiff relies upon *EasyWeb*

---

[3] Page numbers in citations to Defendant's memorandum of law in support of motion to transfer venue refer to the page numbers in the original document.

*Innovations, LLC v. Facebook, Inc.*, such that where transfer would merely shift the inconvenience from one party to the other, the Court should leave plaintiff's choice of venue undisturbed. No. 11-CV-5121 (JFB)(ETB), 2012 U.S. Dist. LEXIS 123833, at *25, 2012 WL 3755410, at *8 (E.D.N.Y. Aug. 30, 2012).[4]

Here, for the same reason that it would be inconvenient for Plaintiff to travel to the Northern District of California, it would be inconvenient for Defendants to travel to the Northern District of New York. *Defenshield*, 2012 WL 1069088, at *12. As a result, I find that this factor is neutral.

### 3. Location of Relevant Documents

"Access to documents and other proof is not a persuasive factor in favor of transfer without proof that documents are particularly bulky or difficult to transport, or proof that it is somehow a greater imposition for defendant to bring its evidence to New York than for plaintiff to bring" its evidence to California. *Sunshine Cellular v. Vanguard Cellular Sys., Inc.*, 810 F. Supp. 486, 500 (S.D.N.Y. 1992).

Defendant contends that this factor weighs substantially in its favor. Defendant states that "all or nearly all of the documents and highly proprietary information relating to Google Street View are stored in Google's various data centers, which are accessible and ultimately managed from Mountain View, California." (Dkt. No. 25-1 at 11.) As such, Defendant contends that "the burden associated with accessing and transporting documentary and other evidence is far greater if the case remains [in this District]." *Id.*

---

[4] "However, 'transfer of venue may be appropriate where inconvenience for the party moving for transfer could be completely eliminated without substantially adding to the nonmoving party's inconvenience.'" *EasyWeb*, 2012 WL 3755410, at *8 (quoting *Frame v. Whole Foods Mkt., Inc.*, No. 06 Civ. 7058 (DAB), 2007 U.S. Dist. LEXIS 72720, at *16, 2007 WL 2815613, at *6 (S.D.N.Y. Sept. 24, 2007)).

Plaintiff contends that this factor "weighs slightly against transfer, or at a minimum, is neutral." (Dkt. No. 30 at 8.) Many documents relevant to this matter, "including those pertaining to the conception of and reduction to practice of the claimed inventions," are located in this District at the residence of Mr. Oxaal, the sole inventor named on the patents-in-suit. *Id.* Plaintiff also relays the possibility that "several models and drawings," which cannot be converted into electronic format and may be damaged by shipping, may relate to this action. *Id.*

Furthermore, Plaintiff contends that Defendant's statement that pertinent documents are "stored in Google's various data centers, which are accessible and ultimately managed from Mountain View, California" was ambiguous and does not assert that the relevant documents are actually (or physically) located in Mountainview. *Id.* Moreover, Plaintiff contends that Defendant fails "to account for the fact that all of these documents will be produced electronically in this matter." *Id.*

In patent infringement cases, the location of relevant documents "once carried significant weight in this analysis." *Defenshield*, 2012 WL 1069088, at *12 (citing *Advanced Fiber Tech.,* 2008 WL 4890377, at*4). This factor weighs in favor of a defendant's argument for venue transfer, because in a patent infringement case, the bulk of the relevant evidence is in possession of the accused infringer. *Defenshield*, 2012 WL 1069088, at *12. However, this factor is not accorded significant weight "given the technological age in which we live, with the widespread use of, among other things, electronic document production." *EasyWeb*, 2012 WL 3755410, at *7.

For the foregoing reasons, I find that this factor only slightly weighs in favor of Defendant's motion to transfer.

        4.       Situs of Operative Events in Issue

"The situs of the operative facts is an important factor in deciding motions to transfer. . . . Where a cause of action arises from claims of alleged wrongdoing in the proposed transferee district, transfer is appropriate.  Transfer is not precluded where the operative facts have some connection to the initial forum if the transferee district has a stronger connection with the operative facts raised in the pleadings." *Sheet Metal Workers' Nat'l Pension Fund v. Gallagher*, 669 F. Supp. 88, 92-93 (S.D.N.Y. 1987) (citations omitted).

"Operative facts in a patent infringement action include those relating to the design, development, and production of a patented product." *Defenshield*, 2012 WL 1069088, at *13 (citing *Fuji Photo Film Co., Ltd. v. Lexar Media, Inc.*, 415 F. Supp. 2d 370, 375 (S.D.N.Y. 2006); *Invivo Research, Inc. v. Magnetic Resonance Equipment Corp.*, 119 F. Supp. 2d 433, 439 (S.D.N.Y. 2000)). "Similar information regarding the allegedly infringing product is also vital in adjudicating an infringement case." *Defenshield*, 2012 WL 1069088, at *13 (citing *Amersham Pharmacia Biotech, Inc. v. Perkin-Elmer Corp.*, 11 F. Supp. 2d 729, 730 (S.D.N.Y. 1998)).  "As a result, venue analysis may demonstrate that there are multiple loci of operative facts." *Defenshield*, 2012 WL 1069088, at *13 (internal citations omitted).

Defendant contends that "the operative events and facts related to Google Street View include its design and development, both of which occurred in the Northern District of California." (Dkt. No. 25-1 at 12.)  Furthermore, Defendant contends that, "although the alleged conception and reduction to practice of the Patents-in-Suit may have occurred in this District," the persons with significant, relevant knowledge are located outside of this District. *Id.*  For these reasons, Defendant asserts that this factor weighs in favor of transfer.

Plaintiff contends that this factor is neutral to the analysis and relies upon *EasyWeb.* 2012 WL 3755410, at *9.  There, the Court stated "that in patent cases, the locus of operative facts can include the district where either the patent-in-suit *or* the allegedly infringing product was designed, developed, and produced." *Id.* (emphasis in original).  The Court ultimately held that "because both districts in this case are loci of operative events, this factor is neutral in this case." *Id.*

Here, the facts mirror those of *EasyWeb*.  As such, the two loci of operative events offset each other, rendering this factor neutral to the analysis.

### 5. Availability of Process to Compel Attendance

The court can compel the attendance of witnesses who are served within the district or at any other place that is within 100 miles of the place specified in the subpoena.  Federal Rule of Civil Procedure Rule 45(b)(2).  "In determining whether a change of venue is appropriate, the Court will . . . examine the ability to compel the attendance of witnesses." *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F. Supp. 2d 325, 332-33 (E.D.N.Y. 2006).  "However, 'this factor is generally relevant only with respect to third-party witnesses, since employees of the parties will as a practical matter be available in any venue by virtue of the employment relationship.'" *Defenshield*, 2012 WL 1069088, at *13 (quoting *Ripmax Ltd. v. Horizon Hobby, Inc.*, No. 07-CV-386 (JCH), 2007 U.S. Dist. LEXIS 50047, at *13, 2007 WL 204933, at *4 (D. Conn. June 25, 2007)).

Here, Plaintiff stated concern regarding the availability to compel attendance of its only non-party witness, Mr. Oxaal, who is the inventor of the patent-in-suit. (Dkt. No. 30 at 10.) However, Plaintiff noted that it "expects that Mr. Oxaal will voluntarily appear at trial in this matter." *Id.* at n.9.  Defendant stated concern regarding this Court's subpoena power over "all

11

prosecuting attorneys of the Patents-in-Suit." (Dkt. No. 25-1 at 13.)  However, Defendant fails to identify non-party witnesses it intends to depose or have testify during future proceedings.

Although Defendant notes that potential witnesses would be outside of this District's ability to be subpoenaed, they have not indicated that such witnesses would be unwilling to appear.  As such, there is no indication that any non-party witnesses would refuse to appear.  Thus, this factor is neutral to the venue transfer analysis.

### 6. Relative Means of the Parties

"Where a disparity exists between the means of the parties . . ., the Court may consider the relative means of the parties in determining whether to transfer." *Miller v. Bombardier Inc.*, No. 93-CV-0376 (PLK), 1993 U.S. Dist. LEXIS 13319, at *13, 1993 WL 378585, at *5 (S.D.N.Y. Sept. 23, 1993).  In the instant case, both parties concede that this factor is neutral to the analysis.  (Dkt. No. 25-1 at 13; Dkt. No. 30 at 10.)  Defendant and Plaintiff both have significant resources at their disposal.  For the foregoing reasons, I agree that this factor is neutral.

### 7. Comparative Familiarity of Each District with the Governing Law

"This case involves questions of federal law, and 'any district court may handle a patent case with equal skill.'" *Defenshield, Inc.*, 2012 WL 1069088, at *14 (quoting *Bionix Implants, Inc. v. Biomet, Inc.*, No. 99 Civ. 740(WHP), 1999 U.S. Dist. LEXIS 8031, at *15, 1999 WL 342306, at *4 (S.D.N.Y. May 27, 1999).  As a result, both parties concede that this factor is neutral to transfer analysis, and I agree.

### 8. Weight Accorded a Plaintiff's Choice of Forum

A plaintiff's choice of forum "should not be disturbed unless the balance of several factors is strongly in favor of defendant." *Fuji Photo Film Co. v. Lexar Media, Inc.,* 415 F. Supp. 2d 370, 376 (S.D.N.Y. 2006) (citation omitted).

Here, Plaintiff properly filed this action in the Northern District of New York, is incorporated in this state, and maintains a preference for litigating in this forum. (*See* Dkt. No. 30.) Moreover, the patents-in-suit were designed in the Northern District of New York by Ford Oxaal, who currently resides in this forum. *Id.* at 1. These facts are significant to an action for patent infringement and support Plaintiff's choice of forum. *Defenshield*, 2012 WL 1069088, at *15 (citing *Advanced Fiber Tech. Trust*, 2008 WL 4890377, at *6).

Moreover, while Defendant contends that this Court should give little deference to Plaintiff's choice of forum because "none of the operative facts or events giving rise to the infringement allegations occurred in this District, other than the named inventor appearing to reside in this District," Defendant's argument is inconsistent with relevant case law. (Dkt. No. 25-1 at 6.)

"The place where the patented invention was developed and the place where the allegedly infringing products are developed are both loci of operative facts." *EasyWeb*, 2012 WL 3755410, *5 (finding that Plaintiff's choice of venue was entitled great deference as there was a "clear connection to the District as the place where the patents-in-suit were designed, developed and patented . . . although operative facts also occurred in California) (citing *Defenshield*, 2012 WL 1069088, at *13).

For all of these reasons, I find that this factor weighs against transfer.

9. <u>Judicial Efficiency and the Interests of Justice</u>

Even if Defendants had shown a difference in speed of cases to final disposition in the two districts, "docket congestion is not considered a dispositive factor. . . ." *Dow Jones & Co., Inc. v. Bd. of Trade*, 539 F. Supp. 190, 192-93 (S.D.N.Y. 1982).

Despite Defendant's argument regarding the parties' lack of "a meaningful connection with this District," and the relative "Judicial Caseload Statistics" for the two forums, it has not met its burden in showing that "the interests of justice" factor weighs in favor of transfer. This Court is fully capable of adjudicating Plaintiff's claims in a timely manner. For these reasons, I find that this factor does not weigh in favor of transfer.

**C.    Conclusion**

Of the nine factors considered above, only one factor weighs in favor of transferring venue to the Northern District of California, two factors weigh in favor of maintaining venue in the Northern District of New York, and the remaining six factors are neutral to transfer analysis. As a result, I find that none of the factors heavily outweigh the deference accorded to Plaintiff's choice of forum. For this reason, Defendant's motion to transfer venue is denied.

Based on the above analysis of the relevant factors, I find the balance of convenience and the interests of justice favors venue in the Northern District of New York. Since Defendant's motion to stay was requested pending a ruling on its motion to transfer venue, there is no reason to stay the action.

**ACCORDINGLY**, it is

**ORDERED** that Defendants' motion to transfer venue (Dkt. No. 25) is **DENIED**; and it is further

**ORDERED** that Defendant's motion to stay (Dkt. No. 26) is **DENIED**.


Date:   March 13, 2013
        Syracuse, New York

_____
Thérèse Wiley Dancks
United States Magistrate Judge