UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

VIEW 360 SOLUTIONS LLC; and FORD OXAAL,

                      Plaintiffs,         1:12-CV-1352
v.                                                      (GTS/TWD)

GOOGLE, INC.; GRANDEYE LIMITED; ONCAM
GLOBAL GROUP AG, d/b/a Oncam Grandeye; and
MINDS-EYE-VIEW, INC.,

                      Defendants.
_____

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court in this patent infringement action are the following three motions: (1) Defendant Google's motion to dismiss the claims and cross-claims against it for lack of standing under Fed. R. Civ. P. 12(b)(1); (2) Defendant Grandeye's motion to amend its Amended Answer, Counter-Claims and Cross-Claims pursuant to Fed. R. Civ. P. 15(a)(2); and (3) Plaintiffs, Defendant Google and Defendant Minds-Eye-View's motion to voluntarily dismiss this action under Fed. R. Civ. P. 41(a)(2). (Dkt. Nos. 152, 172, 191.) For the reasons set forth below, the motion to voluntarily dismiss this action is granted in part and denied in part; Defendant Google's motion to dismiss is denied as moot; and Defendant Grandeye's motion to amend its amended pleading is denied.

I.  **RELEVANT BACKGROUND**

Because this Decision and Order is intended primarily for the review of the parties, the Court will assume the reader's familiarity with the claims, counter-claims and cross-claims asserted in this action, and the legal standards governing the pending motions.

## II. MOTION FOR VOLUNTARY DISMISSAL

Generally, in their memorandum of law in support of their motion for voluntary dismissal, Plaintiffs, Defendant Google and Defendant Minds-Eye-View argue as follows: (1) their Settlement Agreement of June 5, 2015, has deprived the Court of subject-matter jurisdiction over Plaintiffs' infringement claims against Defendant Google and Defendant Google's declaratory judgment counterclaims against Plaintiffs; (2) in addition, the Settlement Agreement has deprived the Court of original jurisdiction over Defendant Google's declaratory judgment cross-claims against Defendant Grandeye and Defendant Grandeye's infringement cross-counterclaims against Defendant Google, because Defendant Google brought those cross-claims only "in the event [Plaintiff] View360 was dismissed from the case for lack of standing," and "[l]ikewise, [Defendant] Grandeye brought its infringement cross-counterclaims . . . in case View360 was dismissed from this case for lack of standing"–purposes that no longer apply (thus precluding Defendant Grandeye from pursuing its infringement cross-counterclaims pursuant to Fed. R. Civ. P. 11 at this time); (3) with regard to Defendant Google's declaratory judgment cross-claims, "[s]hould the Court dismiss Grandeye's cross-counterclaims against Google, Google moves to dismiss without prejudice its declaratory judgment cross-claims"; and (4) with regard to Defendant Grandeye's proposed state law claims against Defendant Minds-Eye-View and Plaintiff Oxaal, the Court may decline to exercise supplemental jurisdiction over those claims, which are in any event frivolous and should not be added to this case. (Dkt. No. 194.)

Generally, in its opposition memorandum of law, Defendant Grandeye argues as follows: (1) by its express language, Fed. R. Civ. P. 41(a)(2) cannot affect Defendant Grandeye's pending infringement cross-counterclaims against Defendant Google, because (a) Defendant Grandeye

objects to the dismissal of the movant's claims, cross-claims and counter-claims, and (b) the Court possesses original subject-matter jurisdiction over Defendant Grandeye's cross-counterclaims against Defendant Google under 28 U.S.C. §§ 1331 and 1338;[1] (2) in any event, even if the Court lacks original jurisdiction over Defendant Grandeye's cross-counterclaims against Defendant Google, the Court possesses ancillary jurisdiction over those cross-counterclaims because they are compulsory, a fact acknowledged by Defendant Google on page 1 of its letter-brief of November 10, 2014 (Dkt. No. 121); (3) Fed. R. Civ. P. 41(a)(2) may not be applied to dismiss the nominal Plaintiffs (which effectively include Defendant Minds-Eye-View) as parties, even without prejudice, because (a) the dismissal of parties who claim to have settled rights in the asserted patents (i.e., the movants) without adjudicating the existence or scope of such rights (for which those parties sued Defendant Grandeye as the legal owner and indispensable party) would visit "plain legal prejudice" on Defendant Grandeye (e.g., undermining its acknowledged ownership of the patents, imposing on it the cost of reassembling the parties in a second lawsuit, and risking the chance that the parties may not be reassembled), and (b) the dismissal of the movants as parties would be improper under the factors set forth in *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990) (which takes into account, *inter alia*, the defendant's efforts and expense in preparation for trial, the duplicative expense of relitigation, and the adequacy of the plaintiff's explanation for the need to dismiss); and (4) "alternative ways forward" include retaining in the case Defendant Google's declaratory

---

[1] The relevant provision of Fed. R. Civ. P. 41 provides as follows: "If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication." Fed. R. Civ. P. 41(a)(2).

judgment cross-claims against Defendant Grandeye and Defendant Grandeye's infringement cross-counterclaims against Defendant Google, and permitting Defendant Grandeye to (a) move for summary judgment with regard to those cross-claims and cross-counterclaims and/or (b) amend its amended pleading and move for summary judgment with regard to Counts I, II and III of its amended cross-claims against Defendant Minds-Eye-View and Plaintiff Oxaal. (Dkt. No. 195, Attach. 1.)

Generally, in their reply memorandum of law, the movants argue as follows: (1) Defendant Grandeye's cross-counterclaims must be dismissed for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(h)(3) (which issue may be raised at any time), because "[t]here has never been a justiciable controversy between Grandeye and Google beyond the contingent, identical claims based on View 360's complaint, which have since been resolved through the Settlement Agreement"; (2) based on the factors set forth in *Zagano*, it is proper to dismiss Defendant Grandeye's cross-counterclaims without prejudice because, *inter alia*, the patents have been found to be invalid, Defendant Grandeye may bring its cross-counterclaims against Defendant Google in a separate lawsuit at a later time (if it discovers a basis to do so), and there is little if any chance that Defendant Grandeye will not be able to reassemble the parties in another proceeding; (3) there are no "alternative ways forward" because Defendant Grandeye has no objectively reasonable basis under Fed. R. Civ. P. 11 to proceed with its jurisdictionally defective infringement cross-counterclaims against Defendant Google, but merely has an interest in facilitating "a technology-based settlement" if not "increas[ing] the settlement value" of those claims, as referenced in its opposition memorandum of law; and (4) for all these reasons, the Court should dismiss Plaintiffs' infringement claims with prejudice,

4

Defendant Google's declaratory judgment counterclaims without prejudice, Defendant Grandeye's cross-counterclaims without prejudice, and Defendant Google's declaratory judgment cross-claims without prejudice. (Dkt. No. 199.)

After carefully considering the matter, the Court finds that this motion should be <u>granted to the extent it requests the dismissal of Plaintiffs' infringement claims against Defendant Google with prejudice and Defendant Google's declaratory judgment counterclaims against Plaintiffs without prejudice</u> for the reasons stated above in the movants' memoranda of law. However, the Court finds that this motion should be <u>denied to the extent it requests the dismissal of Defendant Grandeye's cross-counterclaims against Defendant Google without prejudice and Defendant Google's declaratory judgment cross-claims against Defendant Grandeye without prejudice</u> for the reasons stated above in Defendant Grandeye's opposition memorandum of law. To those reasons, the Court adds three points.

First, for purposes of whether the Court possesses subject-matter jurisdiction over Defendant Grandeye's infringement cross-counterclaims against Defendant Google, the Court finds it to be of little if any relevance what the original purpose of Defendant Grandeye's assertion of its cross-counterclaims was or how similar Defendant Grandeye's cross-counterclaims are to Plaintiff View 360's infringement claims. Of more relevance appears to be whether Defendant Grandeye currently has a basis to maintain infringement cross-counterclaims against Defendant Google. As a result, the issue would appear to be better briefed and decided squarely on a motion to dismiss for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) or perhaps a motion for sanctions under Fed. R. Civ. P. 11(c)(2) than on a motion for voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(2). The parties are advised that, during

5

consideration of any such a motion, should it appear to the Court that grounds exist to sanction Defendant Grandeye pursuant to Fed. R. Civ. P. 11(c)(2), the Court will consider doing so at that time.

Second, Defendant Google's argument that it will move to dismiss its declaratory judgment cross-claims against Defendant Grandeye only if the Court dismisses Defendant Grandeye's infringement cross-counterclaims against Defendant for lack of subject-matter jurisdiction appears to undermine its argument that the Court lacks subject-matter jurisdiction over Defendant Grandeye's infringement cross-counterclaims. If the Court lacks subject-matter jurisdiction over Defendant Grandeye's infringement cross-counterclaims (because the Settlement Agreement vitiated the purpose of those cross-counterclaims, which was to permit Defendant Grandeye to stand in the shoes of Plaintiff View360 if necessary), then the Court also must lack subject-matter jurisdiction over Defendant Google's declaratory judgment cross-claims against Defendant Grandeye (because the Settlement Agreement would have also vitiated the purpose of those cross-claims, which was to permit Defendant Google to stand in the shoes of Plaintiff View360 if necessary); and, if the Court lacks subject-matter jurisdiction over Defendant Google's declaratory judgment cross-claims against Defendant Grandeye, then Defendant Google would not need–or even be able–to move for the dismissal of those cross-claims.[2] Its acknowledgment that it would need to move for the dismissal of those cross-claims implies that it understands that the Court has subject-matter jurisdiction over Defendant Grandeye's cross-counterclaims.

---

[2] *See Hylte Bruks Aktiebolag v. Babcock & Wilcox Co.*, 305 F. Supp. 803, 808-09 (S.D.N.Y. 1969) ("Having determined that this Court lacks jurisdiction over the subject matter of Hylte Bruks' claims, dismissal is mandatory and not dependent upon the motion of a party. A dismissal for want of subject matter jurisdiction may not be deemed pursuant to Rule 41(a)(2), F.R.Civ.P.").

Third, in addition to the cases cited by Defendant Grandeye in support of its ancillary jurisdiction argument (*see* Dkt. No. 195, Attach. 1, at 12, n.10 [attaching page "10" of Def. Grandeye's Opp'n Memo. of Law]), the Court relies on the case of *Bosteve Ltd. v. Marauszwki*, in which the Eastern District of New York noted, "[i]n further support of the decision to deny plaintiffs' the motion to [voluntarily] dismiss [the action], . . . that it must retain jurisdiction over defendant's compulsory counterclaims, even if plaintiffs' action were dismissed." *Bosteve Ltd. v. Marauszwki*, 110 F.R.D. 257, 259 (E.D.N.Y. 1986).

For all of these reasons, the motion for voluntary dismissal is granted in part and denied in part.

## III. MOTION TO DISMISS FOR LACK OF STANDING

Defendant Google filed its motion to dismiss for lack of standing on January 30, 2015. (Dkt. No. 152.) Generally, the motion sought the dismissal of all claims and cross-claims asserted against Defendant Google by Plaintiffs and Defendant Minds-Eye-View. (Dkt. No. 153.) Approximately six months later, on June 5, 2015, Plaintiffs, Defendant Google and Defendant Minds-Eye-View entered into a Settlement Agreement, dismissing the above-referenced claims. (Dkt. No. 194, Attach. 1.) In its memorandum of law in support of its motion to voluntarily dismiss this action, Defendant Google argues that "[t]he parties' Settlement Agreement and joint motion for dismissal has mooted Google's motion to dismiss the case for lack of standing." (Dkt. No. 192, at 6, n.3 [attaching page "5" of Def. Google's Memo. of Law].) For all of these reasons, Defendant Google's motion to dismiss for lack of standing is denied as moot.

## IV. MOTION TO AMEND

Generally, in its memorandum of law in support of its motion to amend its amended pleading, Defendant Grandeye argues as follows: (1) there is no delay or prejudice concerning the requested amendments, because (a) Defendant Grandeye did not have a need to file the amendments until it learned that the other parties would settle their claims against each other, and (b) Plaintiff View 360 and Defendant Google stayed the proceedings prior to significant discovery on infringement of the asserted patents for a determination of who had the right to assert the Asserted Patents; (2) as a result, leave should be granted to correct the inadvertent omission of the Prayer for Relief to protect Defendant Grandeye's interests in the asserted patents; (3) in addition, leave should be granted to seek judicial declarations of Defendant Grandeye's ownership rights in the asserted patents, specifically through adding (a) Count I requesting a judgment declaring that Plaintiff Oxaal Defendant Minds-Eye-View had and have no ownership rights in the asserted patents nor any powers to license them, (b) Count II requesting a judgment declaring that Plaintiff Oxaal and Defendant Minds-Eye-View had and have no contract rights to any share of any recovery by Defendant Grandeye for an action for infringement of the asserted patents, and (c) Count III requesting a judgment declaring that Plaintiff Oxaal and Defendant Minds-Eye-View had and have at most an equitable claim to the power to license only non-surveillance-video "360° x 360° (fully spherical)" uses of the asserted patents, but are barred by their unclean hands from making that claim in equity; (4) finally, leave should be granted for Defendant Grandeye to seek damages and restitution for Plaintiff Oxaal and Defendant Minds-Eye-View's unfair competition and unjust enrichment in misrepresenting their rights in the asserted patents and thereby damaging Defendant Grandeye's ownership rights in the asserted patents, specifically through adding (a) Count IV asserting a claim against

8

Plaintiff Oxaal and Defendant Minds-Eye-View for violation of the Lanham Act by false advertising, and (b) Count V asserting a claim against Plaintiff Oxaal and Defendant Minds-Eye-View for common law unjust enrichment. (Dkt. No. 175.)

Generally, in their opposition memorandum of law, Plaintiffs and Defendant Minds-Eye-View argue as follows: (1) the five new counts against Plaintiff Oxaal and Defendant Minds-Eye-View that Defendant Grandeye seeks to add to the current case are vexatious, frivolous, futile, and/or moot; (2) for example, Count I's allegation that Defendant Grandeye is the sole owner of the patents-in-suit and that Defendant Minds-Eye-View never received the right to sublicense the patents-in-suit is rendered implausible by the 2008 Term Sheet between Defendant Grandeye and Defendant Minds-Eye-View, which explicitly grants Defendant Minds-Eye-View the right to sublicense its exclusive field of use;[3] (3) Count II is moot because Plaintiff Oxaal and Defendant Minds-Eye-View are willing to agree to not pursue any interest they may have in any recovery by Defendant Grandeye; (4) Count III is moot because the parties all agree that Plaintiff Oxaal and Defendant Minds-Eye-View's rights do not extend beyond those granted in the 2008 Term Sheet; (5) Counts IV and V (asserting a claim under the Lanham Act and a claim of unjust enrichment) have nothing to do with the current suit, which is a patent infringement action against Defendant Google related to Google's Streetview product, which have been resolved in the Settlement Agreement; and (6) in the alternative, a ruling on Defendant's Grandeye's motion should be deferred until the stay of discovery in this matter is lifted. (Dkt. No. 179.)

---

[3] The Court notes that the 2008 Term Sheet is incorporated by reference in Plaintiffs' Amended Complaint. (Dkt. No. 88, at ¶ 23 [Plfs.' Am. Compl.].)

After carefully considering the matter, the Court finds that Defendant Grandeye's motion to amend should be denied for the reasons stated above in Plaintiffs and Defendant Minds-Eye-View's opposition memorandum of law. To those reasons, the Court adds the following analysis.

The Court has carefully weighed the permissible grounds upon which it may base a denial of a motion for leave to amend.[4] With regard to the delay in Defendant Grandeye's filing of its motion, the Court finds the delay to amount to approximately six months, having started when it first sought leave to amend in November of 2014, and ended when it filed its second formal motion to amend in May of 2014. (*Compare* Dkt. No. 119 [Def. Grandeye's Letter-Request to Amend, filed Nov. 6, 2014] *and* Dkt. No. 129 [Def. Grandeye's Formal Motion to Amend, filed Nov. 24, 2014] *with* Dkt. No. 172 [Def. Grandeye's Second Motion to Amend, filed May 15, 2014].) Defendant Grandeye's explanation for this six-month delay is unconvincing, given (a) the lack of a stated reason why it did not know, before May 15, 2014, of the deficiency in its Prayer for Relief (especially given that it filed a *Corrected* Amended Answer, Counter-Claims and Cross-Claims), (b) the lack of a showing that it did not know, before May 15, 2014, that a reasonable possibility existed that the other parties would settle their claims against each other,[5] and (c) the lack of a cogent explanation of how the settlement has

---

[4] *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (explaining that permissible grounds upon which to base the denial of a motion for leave to file an amended complaint include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.").

[5] The Court notes that Defendant Grandeye knew of this reasonable possibility at least as far back as November 10, 2014. (Dkt. No. 121 [Ltr. dated Nov. 10, 2014, stating, "With respect to settlement, Google, View 360, Mind's-Eye-View, and Mr. Oxaal have recently made significant progress and are continuing to pursue settlement discussion. Grandeye, however, appears unwilling to engage further in these discussions despite initially participating in the

*caused* Defendant Grandeye to need a judgment declaring its sole ownership and right to sue for infringement of the asserted patents.[6]

As a result, the Court finds that the delay is undue,[7] and appears motivated by a desire to avoid the imminent departure of Plaintiff Oxaal and Defendant Minds-Eye-View from this action in order to increase the value of the settlement of Defendant Grandeye's infringement cross-counterclaims against Defendant Google (which seek damages in addition to injunctive relief). (*See, e.g.,* Dkt. No. 144, at ¶ 26 [Def. Grandeye's Corr. Am. Answer, seeking "injunctive relief as well as damages"]; Dkt. No. 165, at 1 [Letter from Def. Grandeye to Judge Dancks of Apr. 20, 2015, referencing parties' settlement in connection with request for leave to amend]; Dkt. No. 195, Attach. 1, at 7 [attaching page "5" of Def. Grandeye's Opp'n Memo. of Law, arguing that

---

recent discussions."]; *see also* Dkt. No. 155 [Ltr. filed March 17, 2015, stating, "View 360 and Google, Inc. ('Google') recently reached an agreement in principle to settle this action and need additional time to finalize the formal agreement, which would resolve this action with respect to View 360, Ford Oxaal, and Minds-Eye-View."].)

[6]     Defendant Grandeye argues that, because they "settl[ed] the case among themselves without Grandeye," the other parties "may obfuscate" Grandeye's "right to assert the Asserted Patents" by "giv[ing] a false impression detrimental to Grandeye's market that Google is somehow 'licensed' under the Asserted Patents that only Grandeye may license." (Dkt. No. 175, at 4 [attaching page 2" of Def. Grandeye's Memo. of Law].) Without lingering on the speculative nature of the "impression" the Court is uncertain as to exactly whom and how the false impression would be given, considering the fact that the terms of the Settlement Agreement are confidential. (Dkt. No. 194, Attach. 1.) The mere act of "announcing the[] imminent settlement" does not appear to plausibly suggest an assertion of the right to license the patents. (Dkt. No. 172, Attach. 1, at ¶ 45 [Def. Grandeye's Proposed Second Am. Answer, Counter-Claims and Cross-Claims].) To the extent that the false impression is given by the website operated by Plaintiff Oxaal and Defendant Minds-Eye-View, it is not clear why Defendant Grandeye did not know of the false impression earlier, especially given that the website has been "operated for some years." (*Id*. at ¶ 7.) The Court notes that Defendant Grandeye may sue the settling parties if and when they act on any such false impression to Defendant Grandeye's detriment.

[7]     The Court notes that it is cases like this one that contribute to the long median time to disposition for civil cases in this congested District.

the purpose of the proposed amendments is to "protect in the marketplace its investment in its technology"].)

With regard to whether there has been a repeated failure to cure deficiencies by amendments previously allowed, the Court finds that there has been such a failure. Not only did Defendant Grandeye twice previously request leave to amend (*see* Dkt. No. 119 [Def. Grandeye's Letter-Request to Amend, filed Nov. 6, 2014]; Dkt. No. 129 [Def. Grandeye's Formal Motion to Amend, filed Nov. 24, 2014]), it was granted that leave (Text Order filed Dec. 15, 2014), and it twice filed Amended Answers, Counter-Claims and Cross-Claims (*see* Dkt. No. 136 [Am. Answer, filed Dec. 17, 2014]; Dkt. No. 144 [Corr. Am. Answer, filed Jan. 5, 2015]). However, as explained in the preceding paragraph, Defendant Grandeye does not adequately explain why it did not previously cure the purported deficiencies in its currently pending pleading.[8]

With regard to whether there will be any undue prejudice to the opposing party by virtue of allowance of the amendment, the Court finds that there will be such prejudice. Because this action has been pending since August 31, 2012, and concerns events occurring as far back as

---

[8] Although Defendant Grandeye places much reliance on the generosity with which amendments should generally be given, that generosity diminishes after the first amendment. *See, e.g., San Leandro Emergency Medical Group Profit Sharing*, 75 F.3d 801, 815 (2d Cir. 1996) ("Though leave to file an amended complaint is generously granted . . . , the District Court had already granted plaintiffs the right to amend their complaint once."); *Solow v. Citigroup, Inc.*, 10-CV-2927, 2012 WL 1813277, at *10 (S.D.N.Y. May 18, 2012) (finding that leave to amend need not be granted more than once, because the plaintiff failed to plead a valid cause of action in an amended complaint).

12

2008[9] and arguable even 2004 (according to Defendant Grandeye),[10] granting leave to file a Second Amended Answer, Counter-Claims and Cross-Claims would result in undue prejudice to Plaintiff Oxaal and Defendant Minds-Eye-View in the form of, *inter alia*, (1) the increased chance that relevant documents will have been destroyed and the memories of material witnesses will have faded,[11] (2) the cost of having to defend against counter-claims and cross-claims of questionable ripeness and/or tangential relationship to this action, and (3) the risk of disrupting the Settlement Agreement in this action.

For all of these reasons, Defendant Grandeye's motion to amend is denied.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiffs, Defendant Google and Defendant Minds-Eye-View's motion to voluntarily dismiss this action under Fed. R. Civ. P. 41(a)(2) (Dkt. No. 191) is **GRANTED in part** and **DENIED in part** in accordance with Part II of this Decision and Order; and it is further

**ORDERED** that Defendant Google's motion to dismiss the claims and cross-claims against it for lack of standing under Fed. R. Civ. P. 12(b)(1) (Dkt. No. 152) is **DENIED** as moot; and it is further

**ORDERED** that Defendant Grandeye's motion to amend its Amended Answer, Counter-Claims and Cross-Claims pursuant to Fed. R. Civ. P. 15(a)(2) (Dkt. No. 172) is **DENIED**; and it is further

---

[9] (*See, e.g.,* Dkt. No. 88, at ¶ 23 [Plfs.' Am. Compl., referencing the "13 February 2008 "Grandeye – Mind's Eye View Termsheet" entered into between Grandeye Limited and MEV"].)

[10] (*See, e.g.,* Dkt. No. 144, at ¶ 11 [Corr. Am. Answer, alleging that "Grandeye in July 2004 acquired from Ford Oxaal ownership of the Asserted Patents"].)

[11] *See Geordiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) ("The passage of time always threatens difficulty as memories fade. Given the age of this case, that problem probably is severe already. The additional delay that plaintiff has caused here can only make matters worse.").

**ORDERED** that the Clerk of the Court terminate Plaintiffs View 360 Solutions, LLC and Ford Oxaal and Defendant Minds-Eye-View, Inc. from this case. The only remaining claims are Defendant Grandeye Limited's cross-counterclaims against Defendant Google and Defendant Google's declaratory judgment cross-claims against Defendant Grandeye; and it is further

**ORDERED** that this case is referred back to Magistrate Judge Dancks for the determination as to the status of discovery, dispositive motions or whether this case is trial ready.

Dated: September 10, 2015
      Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge