UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GOOGLE, INC.,

                        Cross-Claimant,          1:12-CV-1352
                                                              (GTS/TWD)
v.

GRANDEYE LIMITED,

                        Cross-Defendant.
_____

APPEARANCES:                                                OF COUNSEL:

AKIN GUMP STRAUSS HAUER & FELD LLP       CONO A. CARRANO, ESQ.
  Counsel for Cross-Claimant Google, Inc.            DAVID C. VONDLE, ESQ.
 1333 New Hampshire Ave., N.W.                     ASHRAF A. FAWZY, ESQ.
Washington, DC 20036

BARCLAY DAMON LLP                                   DOUGLAS J. NASH, ESQ.
  Co-counsel for Cross-Claimant Google, Inc.
One Park Place
300 South State Street
Syracuse, NY 13202-2078

BURNS & LEVINSON LLP                               STEPHEN Y. CHOW, ESQ.
  Counsel for Cross-Defendant Grandeye Limited
125 Summer Street
Boston, MA 02114

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

Currently before the Court, in this patent infringement action by cross-claimant Google, Inc. ("Google") against Grandeye Limited ("Grandeye"), are two motions: (1) Google's motion to dismiss its cross-claims against Grandeye and Grandeye's cross-counterclaims against Google for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and 12(h)(3) (Dkt. No. 215); and (2) Grandeye's motion for partial summary judgment against Google under Fed. R. Civ. P.

56 (Dkt. No. 220). For the reasons set forth below, Google's motion to dismiss for lack of subject-matter jurisdiction is denied, and Grandye's motion for partial summary judgment is denied.

I.  **RELEVANT BACKGROUND**

Because this Decision and Order is intended primarily for the review of the parties, the Court will not recite this action's lengthy procedural history. Instead, the Court will merely summarize the remaining parties' claims.

   A.  **Summary of Parties' Claims**

      1.  **Google's Cross-Claims**

Generally, in support its cross-claims against Grandeye, Google alleges as follows: (1) Google has not infringed and does not infringe (directly, indirectly, contributorily, by inducement, jointly, or under the doctrine of equivalents) any valid and enforceable claim of U.S. Patent Nos. 6,157,385 (the "'385 patent"), 6,731,284 (the "'284 patent"), 6,243,0 99 (the "'099 patent"), 6,271,853 (the "'853 patent"), 7,542,035 (the "'035 patent"), 6,252,603 (the "'603 patent"), 6,323,862 (the "'862 patent"), and 8,077,176 (the "'176 patent") (collectively, the "Asserted Patents"), of which Grandeye is a partial owner and/or in which Grandeye may have a partial interest; and (2) the Asserted Patents are invalid and unenforceable due to laches, waiver and estoppel, and are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of the provisions of 35 U.S.C. §§ 101 *et seq*. (Dkt. No. 91, at 30-33.) Generally, based on these factual allegations, Google asserts two cross-claims against Grandeye: (1) a claim for a judgment declaring that Google has not and does not infringe the Asserted Patents; (2) a claim for a judgment declaring that the Asserted Patents are invalid and unenforceable. (*Id*. at 33-35.)

### 2. Grandeye's Cross-Counterclaims

Generally, in support of its cross-counterclaims against Google, Grandeye alleges as follows: (1) it is the sole legal owner of the above-described Asserted Patents, having acquired them first through its wholly owned patent-holding vehicle Halo Vision Ltd. in 2004, and then through a formally recorded assignment in 2009 in preparation of the dissolution of Halo Vision Ltd.; (2) Grandeye possesses the right to enforce the Asserted Patents and sue infringers of them subject to an exclusive license for certain 360° x 360° applications, which was granted to Mind's-Eye-View, Inc., in 2004; and (3) the Asserted Patents are valid, enforceable and duly issued. (Dkt. No. 144, at 7-11.) Generally, based on these factual allegations, Grandeye asserts eight cross-counterclaims against Google: (1) a claim that Google has directly, jointly and indirectly (through inducement) infringed the '385 patent (and continues to do so); (2) a claim that Google has directly, jointly and indirectly (through inducement) infringed the '284 patent (and continues to do so); (3) a claim that Google has directly and indirectly (through inducement) infringed the '099 patent (and continues to do so); (4) a claim that Google has directly, jointly and indirectly (through inducement) infringed the '853 patent (and continues to do so); (5) a claim that Google has directly, jointly and indirectly (through inducement) infringed the '035 patent (and continues to do so); (6) a claim that Google has directly, jointly and indirectly (through inducement) infringed the '603 patent (and continues to do so); (7) a claim that Google has directly, jointly and indirectly (through inducement) infringed the '862 patent (and continues to do so); and (8) a claim that Google has directly and indirectly (through inducement) infringed the '176 patent (and continues to do so). (*Id*. at 11-32.)

B.     **Summary of Parties' Arguments on Pending Motions**

1.     **Google's Motion to Dismiss for Lack of Subject-Matter Jurisdiction**

Generally, in support of its motion to dismiss, Google asserts two arguments: (1) the Court lacks subject-matter jurisdiction over Grandeye's cross-counterclaims against Google, because (a) those cross-counterclaims were intended to merely duplicate, and thus are substantially identical to, View 360's claims against Google, (b) the Settlement Agreement and License between Google and View 360 mooted View 360's claims against Google, and (c) the Court has already properly found, in its Decision and Order of September 10, 2015, that the mooting of View 360's claims against Google warranted the dismissal of those claims for lack of subject-matter jurisdiction;[1] and (2) moreover, there is no prejudice to Grandeye in dismissing the remainder of this case because (a) Grandeye fails to articulate a reasonable basis to pursue infringement allegations beyond those addressed in its cross-counterclaims, (b) of the eight Asserted Patents in this case, five have expired since the inception of the case in 2012 and all asserted claims relating to the three remaining patents were found to be invalid during *inter partes* review by the Patent and Trademark Office in 2014, and (c) Grandeye may file a subsequent lawsuit if they formulate a basis for bringing a claim.  (Dkt. No. 215.)

Generally, in opposition to Google's motion, Grandeye asserts two arguments: (1) Google's argument that its settlement with View 360 moots Grandeye's cross-counterclaims against Google is flawed because (a) the argument relies on the same "faulty logic" on which

---

[1] The Court notes that, relying on the point of law that the mere filing of compulsory counterclaims does not establish a justiciable controversy where none previously existed (*see, e.g., Int'l Video Corp. v. Ampex Corp.,* 484 F.2d 634, 636 [9th Cir. 1973]), Google also argues that Grandeye's motivation in bringing cross-counterclaims against Google to "avoid being found in any future case to have waived compulsory counterclaims" is not enough to establish that an actual or imminent case or controversy exists between Grandeye and Google. (Dkt. No. 215.)

this Court denied Google's previous motions for dismissal (Dkt. No. 200, at 5-6), and found that "the parties all agree that [Mr.] Oxaal and Minds-Eye-View's rights do not extend beyond those granted in the 2008 Term Sheet" (Dkt. No. 200, at 9), and (b) there remains a justiciable controversy over Grandeye's cross-counterclaims given that (i) Grandeye alleges infringement of *all* of its rights to the Asserted Patents (e.g., those rights granted by Mr. Oxaal to Halo Vision in the 2004 Patent Purchase Agreement), not just those rights granted by Grandeye to Mind's-Eye-View Inc., in the 2008 Termsheet (e.g., the 360°x 360° (fully spherical) uses), and (ii) Google's contention that its uses of the Asserted Patents are all for *non*-security 360°x 360° (fully spherical) uses is insufficient to prove that Google's uses are for other than 360°x 360° (fully spherical) uses; and (2) Google's argument regarding a lack of prejudice to Grandeye is inaccurate because (a) the claims of the five expired Asserted Patents (i.e., '385, '284, '853, '603 and '862) enjoy the presumption of validity and are available for Grandeye to recover damages, (b) the claims of the three invalidated Asserted Patents (i.e., '099, '035 and '176) are currently being "reexamined" by the Patent Trial and Appeal Board ("PTAB") and, assuming that the PTAB rules "consistently" (described in detail Dkt. No. 221, at 14), the invalidated claims will become available, (c) even if these reexamination rejections are not overturned, there would still be viable claims under each count of the cross-counterclaims, and (d) dismissal would prejudice Grandeye because of this Court's allowance of multiple motions and lack of discovery granted to Grandeye coupled with the burden of having to refile this action and reeducate a court. (Dkt. No. 221.)

Generally, in reply to Grandeye's opposition, Google asserts three arguments: (1) Grandeye incorrectly argues that the Court found Google's prior motion to dismiss to be plagued by "faulty logic," when in fact the Court merely found Google's argument against Grandeye to

5

be better suited for a motion to dismiss for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1); (2) there are no legal or factual grounds on which Grandeye can maintain its infringement cross-counterclaims because (a) Grandeye has never proven that it has clear title to the Asserted Patents for all uses, (b) Grandeye has failed to identify any allegations in its Amended Answer showing that the alleged controversy extends beyond the use of 360° x 360° field of use or to any other Google products, (c) even if Grandeye could articulate a basis to show that the alleged controversy extends beyond the 360° x 360° field of use, Grandeye has no legitimate basis to assert patent-infringement cross-counterclaims of any scope against Google, because (i) Google entered into a Settlement and License Agreement with View 360, and (ii) the Asserted Patents are now either expired or invalid (and the mere possibility that the Federal Circuit may reverse the invalidity determination does not establish subject-matter jurisdiction), and (d) Grandeye's reliance on a case management report of January 11, 2013, which acknowledged the existence of subject-matter jurisdiction, ignores the fact that the report was issued before a number of events that have undermined Grandeye's infringement allegations; and (3) Grandeye's cries of prejudice ring hollow because (a) the fact that the Court has allegedly allowed "Google to motion after motion and extension after extension" is irrelevant to the question of prejudice to Grandeye, (b) Google has not withheld discovery from Grandeye, and has produced all "relevant responsive documents in Google's possession, custody or control for which Grandeye has requested" and (c) any alleged prejudice caused by having to refile the case and reeducate a court would be a result of Grandeye's decision to file in another court, not this Court's dismissal of this action for lack of subject-matter jurisdiction. (Dkt. No. 226.)

## 2. Grandeye's Motion for Partial Summary Judgment

Generally, in support of its motion for partial summary judgment seeking to preclude Google's defense of license of the Asserted Patents for other than non-surveillance-video "360° x 360° (fully spherical)" uses (characterized by the ability of a viewer to pan seamlessly in all directions on a full sphere), Grandeye asserts two arguments: (1) Google's license to practice (or right to compensation for past infringement) is limited to the license granted to MEV in the 2008 Termsheet, because, *inter alia,* (a) no other purported transfer of rights in the Asserted Patents has been identified in the record, and (b) Google previously concluded that the facts listed in Grandeye's Statement of Undisputed Material Facts, left Mr. Oxaal, MEV and View 360 with no exclusive rights in the Asserted Patents (Dkt. No. 153 at 10); and (2) the license granted to MEV in the 2008 Termsheet is expressly limited to non-surveillance-video "360° x 360° (fully spherical)" uses and does not extend to partly spherical uses. (Dkt. No. 220, Attach. 1.)

Generally, in opposition to Grandeye's motion for partial summary judgment, Google asserts two arguments: (1) Grandeye's motion for partial summary judgment regarding what rights Grandeye holds in the Asserted Patents as it relates to "Google's license defense" pursuant to the 2008 Termsheet amounts to an impermissible advisory opinion, because (a) Google's license defense (which is an affirmative one) becomes relevant only after Grandeye has established infringement of its rights regarding the "360°x 360° (fully spherical)" uses, which it has not yet done, (b) Grandeye cannot establish such infringement given the Settlement Agreement, the fact that five of the patents have expired and the fact that the remaining three patents have been found to be invalid by the Patent and Trademark Office, and (c) Grandeye cannot change its infringement allegations against Google because the Court denied Grandeye's

motion to amend its operative pleading; and (2) pursuant to Fed. R. Civ. P. 56(d)(2), summary judgment is premature because (a) the parties have not had an opportunity to conduct any meaningful discovery beyond their initial discovery regarding whether View 360, Mr. Oxaal, and MEV had standing to bring this lawsuit, (b) Grandeye's motion presents issues that require discovery before they are ripe for determination such as (i) Grandeye's contention that the 2008 Termsheet must be interpreted in light of each patent's disclosure, (ii) the lack of discovery regarding the operation of the accused Street View product, and (iii) the lack of discovery regarding what rights Grandeye holds in the Asserted Patents, and (c) Grandeye is incorrect when it argues that Google has admitted facts regarding the license and ownership history relating to the Asserted Patents. (Dkt. No. 223.)

Generally, in reply to Google's opposition, Grandeye asserts three arguments: (1) the limited license that Google received from Mr. Oxaal, MEV, and View 360 does not moot an issue regarding the scope of that license but actually places squarely in issue the scope of that license; (2) Google fails to genuinely dispute that (a) any license to Google was limited to the 2008 Termsheet's grant of non-surveillance-video "360° x 360° (fully spherical)" uses, and (b) the referenced "360° x 360° (fully spherical)" uses of the Asserted Patents are characterized unambiguously therein as "allowing seamless panning in all directions on a full sphere"; and (3) Google has had a full opportunity to conduct, and has conducted, all discovery relevant to this motion. (Dkt. No. 227.)

### C.  **Statement of Undisputed Material Facts**

Generally, the following facts were asserted and supported by accurate record citations by Grandeye in its Statement of Material Facts and either expressly admitted or denied without

8

an accurate record citation by Google in its response thereto. (*Compare* Dkt. No. 220, Attach. 3 [Grandeye's Rule 7.1 Statement] *with* Dkt. No. 223, Attach. 2 [Google's Rule 7.1 Response].)

1. ██████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████

2. ██████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
█████████████████████████████

3. On July 24, 2004, Halo Vision recorded assignments of the Asserted Patents in the United States Patent and Trademark Office ("PTO"), listing Halo Vision–not Grandeye–as the sole owner.

4. ██████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████

---

2 ████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████

3   While Google denies that Grandeye succeeded to the rights of Halo Vision, it does not provide an accurate record citation in support of that denial. (Dkt. No. 223, Attach. 4, at ¶ 2.)

4   Although Google initially denies the above-stated fact, it then repeats the substance of the above-stated fact and in any event does not provide a record citation supporting any such denial. (Dkt. No. 223, Attach. 4, at ¶ 4.)


5. ██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████

6. ██████████████████████████████████████████████

████████████████.[5]

7. On December 11, 2009, Creative Labs, Inc., the corporation that owned Grandeye at the time, recorded these assignments with the United States Patent and Trademark Office.

8. ██████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████

9. In early June 2015 (reciting, among other things, the 2008 Termsheet), Mr. Oxaal, MEV, and View 360 entered into a Settlement Agreement with Google purporting to grant Google a license to the Asserted Patents.[6]

---

[5] In denying this fact, Google relies on Fed. R. Civ. P. 56(d). To obtain relief under Fed. R. Civ. P. 56(d), a litigant must submit an affidavit showing "(1) what facts are sought to resist the motion and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort the affiant has made to obtain them, and (4) why the affiant has been unsuccessful in those efforts." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 303 (2d Cir. 2003). Here, Google's affidavit and opposition memorandum of law make this showing, albeit barely, with regard to the nature and extent of the rights that Halo Vision actually possessed in the Asserted Patents when it purported to assign those rights to Grandeye on December 8, 2009. (Dkt. No. 223, Attach. 5, at ¶¶ 3.a, 3.c., 3.,d., 3.e., 3.f., 3.g.; Dkt. No. 223, at 3-4, 7-10.) The Court has carefully reviewed the opportunity for discovery that has been afforded thus far in this action, and is not confident that it has been sufficient in this particular regard. (Dkt. No. 23; Text Minute Entry dated Oct. 31, 2013; Text Minute Entry dated June 2, 2014; Text Minute Entry dated Aug. 27, 2014; Text Minute Entry dated Nov. 10, 2014; Dkt. No. 229; Text Minute Entry dated June 1, 2016.)

[6] Again, although Google initially denies the above-stated fact, it then repeats the substance of the above-stated fact and in any event does not provide a record citation supporting any such denial. (Dkt. No. 223, Attach. 4, at ¶ 9.)

## II. GOVERNING LEGAL STANDARDS

### A. Legal Standard Governing Motion to Dismiss for Lack of Subject-Matter Jurisdiction

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Generally, a claim may be properly dismissed for lack of subject-matter jurisdiction where a district court lacks constitutional or statutory power to adjudicate it. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). A district court may look to evidence outside of the pleadings when resolving a motion to dismiss for lack of subject-matter jurisdiction. *Makarova*, 201 F.3d at 113. The plaintiff bears the burden of proving subject-matter jurisdiction by a preponderance of the evidence. *Makarova*, 201 F.3d at 113 (citing *Malik v. Meissner*, 82 F.3d 560, 562 [2d Cir. 1996]). When a court evaluates a motion to dismiss for lack of subject-matter jurisdiction, all ambiguities must be resolved and inferences drawn in favor of the plaintiff. *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (citing *Makarova*, 201 F.3d at 113).

### B. Legal Standard Governing Motion for Summary Judgment

Under Fed. R. Civ. P. 56, summary judgment is warranted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute of fact is "genuine" if "the [record] evidence is such that a reasonable jury could return a verdict for the [non-movant]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).[7] As for the materiality requirement, a dispute of

---

[7] As a result, "[c]onclusory allegations, conjecture and speculation . . . are insufficient to create a genuine issue of fact." *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998) [citation omitted]. As the Supreme Court has explained, "[The non-movant] must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986).

fact is "material" if it "might affect the outcome of the suit under the governing law . . . . Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

In determining whether a genuine issue of material fact exists, the Court must resolve all ambiguities and draw all reasonable inferences against the movant. *Id.* at 255. In addition, "[the movant] bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the . . . [record] which it believes demonstrate[s] the absence of any genuine issue of material fact." *Celotex v. Catrett*, 477 U.S. 317, 323-24 (1986). However, when the movant has met its initial burden, the non-movant must come forward with specific facts showing a genuine issue of material fact for trial. Fed. R. Civ. P. 56(a),(c),(e).

Implied in the above-stated burden-shifting standard is the fact that, where a non-movant willfully fails to respond to a motion for summary judgment, a district court has no duty to perform an independent review of the record to find proof of a factual dispute.[8]

Of course, when a non-movant willfully fails to respond to a motion for summary judgment, "[t]he fact that there has been no [such] response . . . does not . . . [by itself] mean that the motion is to be granted automatically." *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996). Rather, as indicated above, the Court must assure itself that, based on the undisputed material facts, the law indeed warrants judgment for the movant. *Champion*, 76 F.3d at 486; *Allen v. Comprehensive Analytical Group, Inc.*, 140 F. Supp.2d 229, 232 (N.D.N.Y. 2001) (Scullin, C.J.); N.D.N.Y. L.R. 7.1(b)(3). What the non-movant's failure to respond to the motion does is lighten the movant's burden.

---

[8] *Cusamano v. Sobek*, 604 F. Supp.2d 416, 426 & n.2 (N.D.N.Y. 209) (Suddaby, J.) (citing cases).

For these reasons, this Court has often enforced Local Rule 7.1(a)(3) by deeming facts set forth in a movant's statement of material facts to be admitted, where (1) those facts are supported by evidence in the record, and (2) the non-movant has willfully failed to properly respond to that statement.[9]

Similarly, in this District, where a non-movant has willfully failed to respond to a movant's properly filed and facially meritorious memorandum of law, the non-movant is deemed to have "consented" to the legal arguments contained in that memorandum of law under Local Rule 7.1(b)(3).[10] Stated another way, when a non-movant fails to oppose a legal argument asserted by a movant, the movant may succeed on the argument by showing that the argument possess facial merit, which has appropriately been characterized as a "modest" burden. *See* N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is un opposed and the Court determined that the moving party has met its burden to demonstrate entitlement to the relief requested therein . . . ."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1, n.1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases); *Este-Green v. Astrue*, 09-CV-0722, 2009 WL2473509, at *2 & n.3 (N.D.N.Y. Aug. 7, 2009) (Suddaby, J.) (collecting cases).

---

[9] Among other things, Local Rule 7.1(a)(3) requires that the non-movant file a response to the movant's Statement of Material Facts, which admits or denies each of the movant's factual assertions in matching numbered paragraphs, and supports any denials with a specific citation to the record where the factual issue arises. N.D.N.Y. L. R. 7.1(a)(3).

[10] *See, e.g.*, *Beers v. GMC*, 97-CV-0482, 1999 U.S. Dist. LEXIS 12285, at *27-31 (N.D.N.Y. March 17, 1999) (McCurn, J.) (deeming plaintiff's failure, in his opposition papers, to oppose several arguments by defendants in their motion for summary judgment as consent by plaintiff to the granting of summary judgment for defendants with regard to the claims that the arguments regarded, under Local Rule 7.1[b][3]; *Devito v. Smithkline Beecham Corp.*, 02-CV-0745, 2004 WL 3691343, at *3 (N.D.N.Y. Nov. 29, 2004) (McCurn, J.) (deeming plaintiff's failure to respond to "aspect" of defendant's motion to exclude expert testimony as "a concession by plaintiff that the court should exclude [the expert's] testimony" on that ground).

## III. ANALYSIS

### A. Google's Motion to Dismiss for Lack of Subject-Matter Jurisdiction

After carefully considering the matter, the Court denies this motion for the reasons stated in Grandeye's opposition memorandum of law. *See, supra,* Part I.B.1. of this Decision and Order. To those reasons, the Court adds the following analysis.

Regarding Google's mootness argument (summarized above as Google's first argument in its memorandum of law and as part of Google's second argument in its reply memorandum of law), for the sake of brevity, the Court will not linger on whether the dismissal referenced by Google was one for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and/or 12(h)(3) or one for voluntary dismissal under Fed. R. Civ. P. 41(a)(2). More important is that, without showing that Grandeye's cross-counterclaims against Google were contingent on View 360's claims against Google, Google's argument that a settlement of the latter requires the dismissal of the former appears to be a non-sequitur; and Google has not persuaded the Court that such a contingent relationship exists.[11]

Regarding Google's expiration/invalidity argument (summarized above as Google's second argument in its memorandum of law, and as part of Google's second argument in its reply memorandum of law), while the Court acknowledges the mooting effect of the expiration of five of the eight Asserted Patents on Grandeye's cross-counterclaims to the extent those cross-counterclaims are based on alleged infringements by Google that occurred after the date(s) of the expiration(s), the Court notes that (1) Grandeye's cross-counterclaims (which were filed on

---

[11] The Court notes that the argument referenced above in note 1 of this Decision and Order is unpersuasive because (1) it presumes without support the law in the Second Circuit is the same as in the Ninth Circuit, (2) in any event, it again presumes without support that a justiciable controversy never in fact existed when the cross-counterclaims were filed on January 5, 2015. (Dkt. No. 144.)

14

January 5, 2015) are based on alleged infringements by Google that occurred both *before* and after January 5, 2015 (Dkt. No. 144, at 8; *cf.* Dkt. No. 1, at ¶¶ 13, 14), and (2) while Google does not appear to have specified in its motion papers the dates of the five expirations, those dates appear to have been after January 5, 2015, specifically, June 7, 2015, and November 15, 2015 (Dkt. No. 1, Attach. 1, at 2; Dkt. No. 1, Attach. 2, at 2; Dkt. No. 1, Attach. 4, at 2; Dkt. No. 1, Attach. 6, at 2; Dkt. No. 1, Attach. 7, at 2). Simply stated, to the extent the cross-counterclaims are based on alleged infringements by Google that occurred before the date(s) of the expiration(s), the Court would appear to possess subject-matter jurisdiction over those cross-counterclaims.[12]

Moreover, while the remaining three Asserted Patents contain numerous claims that have been found invalid during *inter partes* review by the Patent Trial and Appeal Board ("PTAB"), Google does not appear to establish in its motion papers the date of the PTAB's decision. (*See generally* Dkt. Nos. 215, 226.) Even assuming the date of that decision is November 25, 2014 (Dkt. No. 250, Attach. 17, at 2), Grandeye alleges infringements by Google that occurred before that date (Dkt. No. 144, at 8; *cf.* Dkt. No. 1, at ¶¶ 13, 14); and Google does not appear to

---

[12] *See Rice & Adams Corp. v. Lathrop*, 278 U.S. at 515 (1929) ("Jurisdiction of the court sitting in equity, having been rightfully invoked, was not lost . . . by the expiration of the patent pending final decree."); *Clark v. Wooster*, 119 U.S. 322, 325 (1886) ("The jurisdiction had attached, and although, after it attached, the principal ground for issuing an injunction may have ceased to exist by the expiration of the patent, yet there might be other grounds for the writ . . . . But even without that, if the case was one for equitable relief when the suit was instituted, the mere fact that the ground for such relief expired by the expiration of the patent would not take away the jurisdiction . . . ."); *Roche Prods., Inc. v. Bolar Pharm. Co. Inc.*, 733 F.2d 858, 865 (Fed. Cir. 1984) ("After the main briefs were filed, but before oral argument, the '053 patent expired. This case is not moot, however, because although the initially requested order no longer is necessary, other remedies can be fashioned to give Roche relief against Bolar's past infringement."); *Astrazeneca AB v. Impax Labs., Inc.*, 490 F. Supp.2d 368, 375 & n.5 (S.D.N.Y. 2007) ("[A]lthough the expiration of the '505 and '230 patents precludes it from granting Astra an injunction under § 283, the expiration of the patents has not divested the Court of the power to issue other forms of equitable relief. Having properly obtained jurisdiction over the present controversy, the Court is not automatically divested of it upon the expiration of the patents.").

establish in its motion papers that the grounds for the decision rendered the invalidated claims in the three patents invalid *ab initio* (as opposed rendering them invalid as of a subsequent point in time). (*See generally* Dkt. Nos. 215, 226.) In any event, subject-matter jurisdiction would exist over those portions of the cross-counterclaims of infringement that regard the *valid* claims contained in the three patents.[13]

Regarding Google's clear-title argument (summarized above as part of Google's second argument in its reply memorandum of law), to overcome that argument, Grandeye need present the fact of such title not beyond a genuine dispute but only by a preponderance of the evidence (when all ambiguities are resolved and all inferences are drawn in its favor). *See, supra,* Part II.A. of this Decision and Order.[14] Here, while that question is certainly a close one, the Court answers it in Grandeye's favor based on the current record.

Pursuant to the ███████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████. However, as of the next day, Grandeye apparently had not yet succeeded to those rights. ████████████████████

---

[13]     *See* 35 U.S.C. § 288 ("[W]henever a claim of a patent is invalid, an action may be maintained for the infringement of a claim of the patent which may be valid."); *Gen. Elec. Co. v. Hygrade Sylvania Corp.*, 61 F. Supp. 539, 542 (S.D.N.Y. 1944) ("[Section 288 was] intended to be remedial–to remove the harsh and inexorable rule of the common law theretofore applied, that if one claim of a patent was invalid, the whole patent was void.").

[14]     *See also Leighton Techs. LLC v. Obertus Card Sys., S.A.*, 531 F. Supp.2d 591, 593 (S.D.N.Y. 2008) ("Where the relevant facts are dispositive of both the 12(b)(1) motion and portions of the merits, the trial court should grant the motion to dismiss only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. . . . If the plaintiff presents sufficient evidence to create a genuine dispute of material (jurisdictional) facts, then the case proceeds to trial, so that the factfinder can determine the facts, and the jurisdictional dispute will be reevaluated at that point.") (internal quotation marks and citations omitted); *Rothschild v. Cree*, 711 F. Supp.2d 173, 179 (D. Mass. 2010) ("If jurisdictional facts are so intertwined with the merits of the case that resolution of the jurisdictional question is dependent on factual issues going to the merits, the court should employ the standard applicable to a motion for summary judgment.").

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████ [15] While Grandeye alleges that it wholly owned Halo Vision in 2004 (when Halo Vision acquired the Asserted Patents), it does not appear to have pointed to record evidence of that fact, nor does it cite authority for the point of law that ownership of a patent by a subsidiary is the same as ownership of that patent by the parent for purposes of enforcement. (*See generally* Dkt. Nos. 215, 226.)

For all of these reasons, the Court denies Google's motion to dismiss for lack of subject-matter jurisdiction.

### B. Grandeye's Motion for Partial Summary Judgment

After carefully considering the matter, the Court denies this motion for the reasons stated in Google's opposition memorandum of law. *See, supra,* Part I.B.2. of this Decision and Order. To those reasons, the Court adds the following analysis.

Although the Court has found that Grandeye's title to the Asserted Patents has been established by a preponderance of the evidence, it does not find that the title has been established beyond a genuine dispute. The Court agrees with Google that, by and large, the current record reveals only a "tangled and incomplete ownership and licensing history between numerous individuals and corporations." (Dkt. No. 226, at 4.) Also far from clear, of course, is Google's purported infringement of Grandeye's asserted rights to certain "360°x 360° (fully spherical)" uses of the Asserted Patents.

---

[15] The Court notes that this interpretation of the evidence appears to be shared by Grandeye. (*See, e.g.,* Dkt. No. 220, Attach. 1, at 12 ["This Court did not address the fact that the 2008 Term Sheet granted a right that Grandeye did not at that time hold legally . . . ."].)

For all of these reasons, the Court denies Grandeye's motion for partial summary judgment.

**ACCORDINGLY**, it is

**ORDERED** that Google's motion to dismiss for lack of subject-matter jurisdiction (Dkt. No. 215) is **DENIED**; and it is further

**ORDERED** that Grandeye's motion for partial summary judgment (Dkt. No. 220) is **DENIED**.

<u>The Court has filed this Decision and Order under seal as a precaution due to the potential that it contains confidential information. If either party believes that this Decision and Order indeed contains confidential information, that party shall file under seal, within FIVE (5) DAYS of the filing of this Decision and Order, a letter-motion requesting redaction, specifically identifying the information proposed for redaction, and explaining why the information is confidential pursuant to a prior agreement and/or order (and why the confidentiality has not previously been waived by the parties).</u>

Dated: July 27, 2016
Syracuse, NY

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge